IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01624-BNB

DEREK W. BARRINGER,

    Applicant,

v.

WARDEN MILYARD, Sterling Corr. Facilty [sic], and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO AMEND APPLICATION AND TO SHOW CAUSE

Applicant Derek W. Barringer is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Barringer initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally because Mr. Barringer is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Barringer will be ordered to show cause why the Application should not be denied.

Mr. Barringer alleges that, on June 15, 2006, he was convicted of one count of attempted second degree assault and was sentenced to three years of incarceration and one year of parole. In the instant action, Mr. Barringer fails to assert any claims for

relief in the Application. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires Mr. Barringer to go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must clearly allege his claims and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Barringer will be ordered to file an Amended Application.

Furthermore, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Barringer states on Pages Two and Three of the complaint form that he did not raise his claim on direct appeal or in a postconviction proceeding. Yet on Page

Three, he states that he has sought review in the state's highest court. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. "We have repeatedly held that this court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court." *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Therefore, Mr. Barringer will be ordered to clarify in the Amended Application whether he has exhausted state court remedies and to show cause why the Application should not be denied for failure to exhaust state remedies. Accordingly, it is

ORDERED that Mr. Barringer file **within thirty days from the date of this Order** an Amended Application that complies with this Order. It is

FURTHER ORDERED that Mr. Barringer's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Barringer, together

with a copy of this Order, two copies of the following form for use in filing the Amended Application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Barringer fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED August 25, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01624-BNB

Derek W. Barringer
Prisoner No. 113974
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

   I hereby certify that I have mailed a copy of the   **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on __8/25/06__

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk